# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

TONY EDWARD SAVAGE,

    *Plaintiff*,

v.

DISTRICT OF COLUMBIA *et al.*,

    *Defendants*.

Civil Action No. 18-2007 (TJK)

## MEMORANDUM OPINION

Tony Savage filed this suit against the District of Columbia and several employees of its Department of Corrections (DOC) in August 2018, over six years after pursuing a charge of discrimination with the District of Columbia Office of Human Rights (OHR) about the same matter. ECF No. 1. In his operative complaint, he alleges that on September 13, 2011, Defendants rescinded a DOC employment posting for which he applied and was qualified because they did not want to hire him on account of his disability. ECF No. 16 ("Compl.") ¶¶ 14–15. He alleges violations of the District of Columbia Human Rights Act (DCHRA), D.C. Code § 2-1401.01 *et seq.*, the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 *et seq.*, and 42 U.S.C. § 1983, and he also brings a common-law claim of negligent failure to select, train, and supervise. *Id.* ¶¶ 16–21. Before the Court are Savage's Motion for Leave to File a Second Amended Complaint, ECF No. 22, and Defendants' Motion for Judgment on the Pleadings, ECF No. 34, in which they assert, among other things, that Savage's claims are untimely. For the reasons explained below, the Court will deny Savage leave to amend on futility grounds, grant Defendants' motion, and dismiss the case with prejudice.

## I. Legal Standards

Federal Rule of Civil Procedure 15(a)(2) provides that when a party moves for leave to amend its complaint, the court should "freely give leave [if] justice so requires." That said, a district court may deny such a motion when the amendment would be futile, including where the amended complaint "would not survive a motion . . . for judgment on the pleadings." *Jung v. Ass'n of Am. Med. Colls.*, 226 F.R.D. 7, 9 (D.D.C. 2005).

A party moving for judgment on the pleadings "must show that no material issue of fact remains to be solved and that it is entitled to judgment as a matter of law." *Judicial Watch, Inc. v. U.S. Dep't of Energy*, 888 F. Supp. 2d 189, 191 (D.D.C. 2012); *see also* Fed. R. Civ. P. 12(c). Although a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) "is functionally equivalent to a Rule 12(b)(6) motion," *Rollins v. Wackenhut Servs., Inc.*, 703 F.3d 122, 130 (D.C. Cir. 2012), where "matters outside the pleadings are presented to . . . the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). "Summary judgment is appropriately granted when, viewing the evidence in the light most favorable to the non-movants and drawing all reasonable inferences accordingly, no reasonable jury could reach a verdict in their favor." *Lopez v. Council on Am.–Islamic Relations Action Network, Inc.*, 826 F.3d 492, 496 (D.C. Cir. 2016).[1]

---

[1] The Court denied without prejudice Defendants' first motion for judgment on the pleadings because they had yet to file an answer. *See* Minute Order of September 29, 2019 (citing *Murphy v. Dep't of the Air Force*, 326 F.R.D. 47, 48–49 (D.D.C. 2018)). The Court warned that if Defendants filed a post-answer motion relying on materials outside the pleadings, as they do here, the Court would treat it as one for summary judgment and "Plaintiff should be prepared, in his opposition, to 'present all the material that is pertinent to [the] Motion.'" *Id.* (quoting Fed. R. Civ. P. 12(d)).

## II. Analysis

Defendants moved for judgment on the pleadings on the ground, among others, that all of Savage's claims in the operative complaint are time-barred. *See* ECF No. 34. Savage, for this part, sought leave to amend, although the claims asserted in his proposed amended complaint are materially identical to those in the operative complaint. *See* ECF No. 22.[2] As explained below, Savage may not proceed with his DCHRA claims because he elected to avail himself of administrative remedies, and his remaining claims are untimely. Thus, permitting him to amend his complaint would be futile, and this action must be dismissed.

First, as Savage appears to concede, his DCHRA claim is "barred due to [his] election to seek an administrative remedy." ECF No. 35 at 8; *see Carter v. District of Columbia*, 980 A.2d 1217, 1223 (D.C. 2009) ("[T]he jurisdiction of the court and OHR are mutually exclusive in the first instance. Thus, where one opts to file with OHR, he or she generally may not also file a complaint in court." (quoting *Brown v. Capitol Hill Club*, 425 A.2d 1309, 1311 (D.C. 1981))); ECF No. 24 at 10 ("Plaintiff concedes that DCHRA claims are unavailable due to his election of administrative remedies, pursuant to DC Code Sec. 2-1403.16(a) . . . ."). The record reflects that Savage chose to file a complaint with OHR, was fully heard, and lost. *See* ECF No. 34-1; ECF No. 34-3; ECF No. 35 at 6.

Second, Savage's ADA claim fails because he did not file suit within 90 days of receiving a notice of his right to sue from the Equal Employment Opportunity Commission (EEOC). 42 U.S.C. §§ 2000e-5(f)(1), 12117(a). The EEOC issued Savage his notice on December 14, 2012, which the Court presumes that he received three days later. *See* ECF No.

---

[2] The Court notes that Savage's filings violate Local Rule 5.1(d), which requires that every document be double-spaced. *See* ECF Nos. 22, 32, 35.

34-2 at 5; ECF No. 1-1, *Savage v. District of Columbia Dep't of Corrections*, No. 13-cv-00312 (RJL) (D.D.C. Mar. 11, 2013); *Baldwin Cty. Welcome Ctr. v. Brown*, 466 U.S. 147, 148 n.1 (1984) (per curiam) (citing former Fed. R. Civ. P. 6(e)). Savage brought his ADA claim over five years later, *see* ECF No. 1, well outside the required 90-day window.

Third, Savage's claim under 42 U.S.C. § 1983 is barred by the applicable three-year statute of limitations. *See Earle v. District of Columbia,* 707 F.3d 299, 305 (D.C. Cir. 2012) (citing D.C. Code § 12-301(8)). "As a general rule, [a] claim normally accrues when the factual and legal prerequisites for filing suit are in place." *Id.* at 306 (alteration in original) (internal quotations omitted). Savage's Section 1983 claim is premised on Defendants' "denial of employment," Compl. ¶ 21; ECF No. 22-1 ¶ 21, and thus Defendants argue that this claim accrued on September 13, 2011, when DOC rescinded the relevant employment posting, ECF No. 34 at 8. Savage filed this suit on August 28, 2018, *see* ECF No. 1, almost seven years later, well outside the three-year window. And while neither party raised the potential effect of the discovery rule on Savage's claim, the Court notes that it would not, in any case, render his claim timely.[3]

Fourth, for similar reasons that his Section 1983 claim is untimely, Savage's negligence claim fails to meet the three-year statute of limitations. *See* D.C. Code § 12-301(8).

None of Savage's arguments to the contrary save his claims. He argues that the statutes of limitations did not begin to run until April 30, 2018, when the D.C. Superior Court denied his

---

[3] When "the relationship between the injury and the tortious conduct is obscure," the "discovery rule" provides that a claim will not accrue for statute-of-limitations purposes until a plaintiff has actual or inquiry notice of his cause of action. *C.B. Harris & Co., Inc. v. Wells Fargo & Co.*, 113 F. Supp. 3d 166, 170 (D.D.C. 2015). At the very latest, Savage had notice of his Section 1983 cause of action on December 29, 2011, when he filed an OHR charge of discrimination based on the same conduct. *See* ECF No. 34-1 at 2. And, as noted above, he filed suit in August 2018, still well beyond the three-year statute of limitations.

4

petition for review of his OHR decision. *See* ECF No. 35 at 7. But he cites no legal authority for that proposition, or that his prior related litigation in this Court—which was dismissed—tolls the statute of limitations either. Indeed, "once a suit is dismissed, even if without prejudice, 'the tolling effect of the filing of the suit is wiped out and the statute of limitations is deemed to have continued running from whenever the cause of action accrued, without interruption by that filing.'" *Ciralsky v. C.I.A.*, 355 F.3d 661, 672 (D.C. Cir. 2004) (quoting *Elmore v. Henderson*, 227 F.3d 1009, 1011 (7th Cir. 2000)).

Finally, Savage's conclusory request for equitable tolling based on "the tortured course of this case" fails to show that such tolling is warranted. ECF No. 35 at 8. The Court notes that the ADA's 90-day limitations period can be equitably tolled. *See Smith-Haynie v. District of Columbia*, 155 F.3d 575, 579–80 (D.C. Cir. 1998). But such an exception should be afforded "only in extraordinary and carefully circumscribed instances." *Id.* at 580 (quoting *Mondy v. Sec'y of the Army*, 845 F.2d 1051, 1057 (D.C. Cir. 1988)). Savage has not shown that his case merits this extraordinary relief. *See Jordan v. Quander,* 882 F.Supp.2d 88, 95 (D.D.C. 2012) ("Plaintiff alone bears the burden of establishing an equitable basis for excusing h[is] failure to file h[is] complaint within the 90-day limitations period."). Moreover, as a general rule, District of Columbia law does not recognize an equitable-tolling exception to the three-year statute of limitations that governs his Section 1983 and negligence claims. *See Bundy v. Sessions*, 387 F. Supp. 3d 121, 125 (D.D.C. 2019).

At bottom, Savage's claims are untimely or, in the case of his DCHRA claim, otherwise foreclosed by statute. And the minor changes he makes in his proposed amended complaint do not affect these conclusions. *See* ECF No. 22-1. Accordingly, permitting Savage to amend his complaint would be futile and, for the same reasons, his operative complaint must be dismissed.

## III. Conclusion

For all the above reasons, Savage's Motion for Leave to File a Second Amended Complaint, ECF No. 22, will be denied; Defendants' Motion for Judgment on the Pleadings, ECF No. 34, will be granted; and this action will be dismissed with prejudice.  A separate order will issue.

**SO ORDERED.**

/s/ Timothy J. Kelly<br>
TIMOTHY J. KELLY<br>
United States District Judge

Date: December 9, 2019